UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKORI JULIANA COLEMAN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAT WORLD, INC.; and DOES 1 to 100, inclusive<br><br>Defendants. | Case No. 3:23-cv-03437-JD<br><br>**ORDER RE REMAND** |

    Plaintiff Takori Juliana Coleman, on behalf of herself and a putative class of California employees, sued defendant Hat World, Inc. (Hat World) and unnamed Doe defendants for wage and hour violations under the California Labor Code and the Business and Professions Code Section 17200. Dkt. No. 1-2. Coleman originally sued in the Superior Court for Alameda County, and Hat World removed the action to this Court on traditional diversity grounds. Dkt. No. 1 at 3-10 (citing 28 U.S.C. §§ 1332(a)(1), 1441(a)). To be clear, removal was not made under the Class Action Fairness Act. Coleman asks for a remand to the Superior Court. Dkt. No. 11. The case is remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

    The only dispute with respect to diversity jurisdiction is whether the amount in controversy exceeds the statutory threshold of $75,000. *See* 28 U.S.C. § 1332(a). The parties debated how to allocate the amount in controversy in a putative class action, but there is a much more direct answer to the question of removal here. The complaint is silent on its face about the value of the damages and penalties Coleman seeks. The only hard numbers that Hat World offers is to estimate that Coleman might get $5,550 in wage statement penalties, and $3,720 in waiting time penalties, for a grand total of $9,270. Dkt. No. 1 at 7-8. Coleman quibbles a bit with these figures and suggests the total for both categories of penalties should be $5,970. Dkt. No. 11-1 at 5. Either

way, Hat World is short of the statutory threshold amount of $75,000 by $65,730 to 69,450.

Hat World proposes to make up this difference with Coleman's future attorney's fees. There is no question under governing law that "future attorneys' fees recoverable by statute or contract" should be included in the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). Coleman has asked for such fees under California Labor Code Sections 226 and 1194. *See* Dkt. No. 1-2 at 29-31 (complaint prayers for relief). There is also no question that the estimate of attorney's fees must be something more than mere conjecture. The party invoking federal jurisdiction must prove the amount in controversy by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("summary-judgment-type evidence" used to determine the amount in controversy) (internal quotation omitted).

This is where Hat World stumbles. It estimates that Coleman's lawyers will need to spend 150 hours on the litigation through trial, and posits a billing rate of $650 per hour, for a total of $97,500 in legal fees. Dkt. No. 1 at 9. Even accepting for present purposes that the billing rate is based on what Coleman's lawyers actually charge, this fee estimate is a pure guess. Why assume 150 hours as opposed to 100 or less? Why assume the case will necessarily go to trial and a verdict rather than settle? *See Fritsch*, 899 F.3d at 795 (noting fee estimate may be speculative in light of early settlement possibility). These and other salient questions were not answered with anything approaching summary-judgement-type evidence, and in the absence of such evidence, it is equally plausible that Hat World's assumptions are wrong and that Coleman's legal fees will come in below an amount necessary to establish diversity jurisdiction. In the Court's long experience with California state wage and hour cases, early settlement is common and it is quite realistic to project that Coleman's attorney's fees will be far less than Hat World's guess. *See Fritsch*, 899 F.3d at 795-96 (noting district court expertise in estimating future fees awards).

Hat World's main response is that other cases have involved similar assumptions. That is not a substitute for demonstrating by a preponderance of the evidence that removal of this case

2

United States District Court
Northern District of California

1  was warranted by the facts.  It also bears mention that "[t]here is a strong presumption against

2  removal, and the removal statute is strictly construed against finding federal jurisdiction."

3  *Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc.*, No. 19-CV-07824-JD, 2020 WL 5630268,

4  at *1 (N.D. Cal. Sept. 21, 2020) (citing *California v. AbbVie Inc*, 390 F. Supp. 3d 1176, 1180

5  (N.D. Cal. 2019); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  Any doubt about

6  removal weighs in favor of remand.  *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d

7  1027, 1034 (9th Cir. 2014).

8  Consequently, the case was removed without subject matter jurisdiction.  It is remanded to

9  the Superior Court.  28 U.S.C. § 1447(c).

10  **IT IS SO ORDERED.**

11  Dated:  February 5, 2024

JAMES DONATO
United States District Judge

3